### ABRAHAM GOULD *vs.* HANNAH HAWKES.

It is too late to raise formal objections to a deposition on the trial in the superior court after it has been read before an auditor without objection.

If it appears that a plaintiff had, a short time before commencing his action, presented his bill to the defendant for a much less amount than that claimed in the writ, and the plaintiff, in explanation of that fact, says that such bill was only for the balance due after deducting the price of certain calves bought by him of the defendant, it is competent to contradict him by showing that in a former suit against him for those calves he had testified that he paid for them in cash.

CONTRACT on certain items of account. At the trial in the superior court, before *Ames,* J., a verdict was rendered for the defendant, and the plaintiff alleged exceptions. The material facts appear in the opinion.

*A. V. Lynde,* for the plaintiff.

*A. B. Davis,* for the defendant.

METCALF, J. We are of opinion that the objections to the depositions in this case come too late, and cannot be sustained.

The bill of exceptions does not show, nor did the plaintiff's counsel suggest, in argument, that any objection was made to either of these depositions at the hearing before the auditor. It must therefore be taken as a fact, that objection to them was first made at the trial in the superior court. And this is a sufficient legal reason for overruling the objection. If objection to their admissibility had been made when they were first offered in evidence, the defendant would have had notice, and might have obtained an amendment of the caption, or have taken them anew. The admission of them by the auditor, after objection, would not have excused her for relying on them in court, if they were not legally admissible. But she had a right to rely on them at a second hearing of her case, after they had been received in evidence, without objection, at the first hearing. Fairness of dealing required that the plaintiff should object to the depositions as soon as they were offered in evidence, if he then was aware of a cause for objection ; and if he did not discover the alleged defect in them until after the hearing before the auditor, it was an oversight which cannot be allowed to injure the defendant.

We overrule the exception to the admission of the depositions, without any inquiry whether the alleged objections would have availed the plaintiff if he had made them seasonably.

The exception to the admission of the other testimony, at the trial, must also be overruled. The plaintiff, before this action was brought, had presented to the defendant a bill of about one fourth of the amount of that now in suit; and the question before the jury was, whether that was a bill for only a balance claimed by the plaintiff after deducting the price of certain calves bought by him of the defendant and her sister. As evidence on this question, the testimony of the plaintiff — given in a suit against him to recover pay for those calves — that he had paid for them in cash, was clearly relevant and admissible. It was for the jury to consider whether the plaintiff, in making a bill against the defendant, would deduct therefrom — that is give her credit for — articles for which he had paid.

*Exceptions overruled.*